IN THE U.S. DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLYN J. DeLARA, | : | Case No. |
|     Plaintiff | : | |
| v. | : | CIVIL ACTION |
| | : | |
| PHELAN HALLINAN & | : | J. |
| SCHMIEG, LLP, | : | |
|     Defendant | : | |

## COMPLAINT

A.  INTRODUCTION.

    1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the Pennsylvania consumer Protection Law 73 P.S. 201-1 et seq., which prohibits unlawful and deceptive, acts and practices, and the Fair Credit Extension Uniformity Act, 73 P.S. 2270.1 et seq., which prohibits unfair collection activities.

B.  **JURISDICTION.**

    2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C.§ 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

    3.  Venue in this District is proper in that the defendants transact business here.

C.  **FACTUAL ALLEGATIONS.**

    4.  The foregoing allegations contained within paragraphs 1-3 are incorporated herein.

    5.  Plaintiff, Carolyn J. Delara, is a natural person residing at 1195 Cranberry Lane West, York, York County, Pennsylvania 17402, and is a consumer within the meaning of the Fair Debt Collection Practices Act, FDCPA, 15 U.S.C. §1692a(6).

    6.  Defendant, Phelan Hallinan & Schmieg, LLP, is a law firm engaged regularly in the business of collecting debts in this state with its principal place of business located at 1617 JFK Boulevard, Suite 1400, One Penn Center Plaza, Philadelphia, Pennsylvania 19103.

7. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

8. On or about September 8, 2008, Defendant, on behalf of its client, LaSalle Bank National Association, instituted a mortgage foreclosure proceeding in the Court of Common Pleas of York County, Pennsylvania at docket number 2008-SU-004392-06.

9. Defendant, through its attorney, filed various defenses to this motion, such that a judgment has not yet been obtained by Plaintiff in the foreclosure action.

10. Despite having failed to obtain a judgment, Defendant, on behalf of its client, generated the Notice of Sheriff's Sale of Real Property (Exhibit "A") advising Plaintiff that her house would be sold by the York County Sheriff on April 27, 2009.

11. This notice was not filed in the Prothonotary's office, nor would it have been accepted by the Prothonotary for filing, as a sheriff's sale can only be scheduled after a judgment in foreclosure has been obtained.

12. Defendant then had its officers, employees or agents bring this illegal and improper notice to the office of the York County Sheriff and illegally obtain a file stamp on the notice, such that the notice appeared to have been filed within the Sheriff's office.

13. In fact, the document was not filed in the Sheriff's office, nor would it have been accepted by the Sheriff for filing, as a sheriff's sale can only be scheduled after a judgment in foreclosure has been obtained.

14. Defendant then contacted an official York County constable, who served this document on Plaintiff in a York County official sheriff's vehicle wearing a uniform, gun and badge. He advised Plaintiff that her house would be sold at a sheriff's sale. There is no allegation that the constable knew or had reason to know that the document he served was fraudulent, and he is not a defendant in this lawsuit.

15. Plaintiff was served this document and had it described to her by the constable in front of her minor children, causing all of them great upset.

16. Defendant then notarized the affidavit of service executed by the constable, although said document was not signed in the constable's presence. This was in violation of the Pennsylvania Notary Act.

4

D.  **CLAIM FOR RELIEF**.

17. The allegations contained within paragraphs 1 through 16 are incorporated herein.

18. Defendant's actions in generating and serving this fraudulent notice are violative of the Federal Debt Collection Practices Act. Such violations include, but are not limited to:

   a. Threatening to take legal action which cannot legally be taken (Section 1692e(2));

   b. Communicating with a consumer represented by counsel (Section 1692b);

   c. Misrepresenting the legal status of a debt (Section 1692e(2)(A));

   d. The Defendant violated §§1692e(5) and e(10) by threatening to take action that was not intended;

   e. Section 1692d which prohibits "conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

   f. Use of false deceptive or misleading representation or means in connection of the collection of any debt (Section 1692e(10));

    g.    The use or distribution of a document which is falsely represented to be a document authorized, issued or approved by any court (Section 1692e(9));

    h.    The false representation that this document is legal process (Section 1692e(13));

19. Defendant's actions in generating and serving this fraudulent notice are violative of the Consumer Protection Law and Unfair Trade Practices Act, as well as the Pennsylvania Credit Extension Uniformity Act, 73 P.S. 2270.1, *et seq.*, which include, but are not limited to the following:

    a.    Engaging in deceptive or fraudulent conduct which creates a likelihood of confusion or misunderstanding (Section 201-2.(4)(xxi));

    b.    73 P.S. 2270.4(a):

> It shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act.

20. As a result of the above violations of the FDCPA and the state Act, the Defendants are liable to the Plaintiff for actual damages, statutory damages, and attorney fees and costs.

21. Wherefore, Plaintiff requests that this Court award her the following:

a. Statutory and actual damages pursuant to 15 U.S.C. §1692k;

b. Statutory and actual damages pursuant to §73 P.S. 201-9.2;

c. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k and §73 P.S. 201-9.2;

d. For such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED,

_____
Daniel M. Fennick, Attorney at Law
Supreme Court ID No. 30087
Anderson, Converse & Fennick, PC
1423 East Market Street
York, PA 17403
(717) 846-7100

## VERIFICATION

I verify that the statements made in this Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

*Carolyn J. DeLara*
Carolyn J. DeLara

6/3/09
Date

DATE: <u>JANUARY 15, 2009</u>

LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MSM 2006-17XS

v.

EDWIN J. DELARA A/K/A EDWIN L. DELARA A/K/A EDWIN LIAN DELARA
CAROLYN J. DELARA

TO:    ALL PARTIES IN INTEREST AND CLAIMANTS


### NOTICE OF SHERIFF'S SALE OF REAL PROPERTY

OWNER(S):    EDWIN J. DELARA A/K/A EDWIN L. DELARA A/K/A EDWIN LIAN DELARA
CAROLYN J. DELARA

PROPERTY:    1195 CRANBERRY LANE WEST
YORK, PA 17402-7944

Improvements:    Residential Property

YORK COUNTY

NO.: 2008-SU-004392-06

JUDGMENT AMOUNT: $320,411.29

    The above-captioned property is scheduled to be sold at the **YORK** Sheriff's Sale on **<u>APRIL 27, 2009</u>** at <u>2:00 p.m.</u> in <u>York County Judicial Center, 45 North George Street, York, PA 17401</u>.

    Our records indicate that you may hold a mortgage, judgment, or other interest on the property, which may be extinguished by the sale. You may wish to attend the sale to protect your interests. If you have any questions regarding the type of lien or the effect of the Sheriff's Sale upon your lien, we urge you to **CONTACT YOUR OWN ATTORNEY,** as we are not permitted to give you legal advice.

    The Sheriff will file a schedule of Distribution on a date specified by the Sheriff not later than 30 days after sale. Distribution will be made in accordance with the schedule unless exceptions are filed thereto within 10 days after the filing of the schedule.

183249

**EXHIBIT A**